01

02

03

04

05

06                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
07                                    AT SEATTLE

08  GYLES R. LONG,                          )      CASE NO. C11-0230-TSZ
                                            )
09           Plaintiff,                     )
                                            )
10      v.                                  )      ORDER
                                            )
11  KING COUNTY, et al.,                    )
                                            )
12           Defendants.                    )
    _____)

13

14          This matter comes before the Court on Defendants' Motion for Summary

15  Judgment and Dismissal, docket no. 13, and Defendants' Motion for Relief from

16  Remaining Deadlines in Minute Orders and Continuance of Trial Date Pending

17  Decision on Summary Judgment Motion, docket no. 24.   For the reasons discussed

18  below, the Court GRANTS Defendants' Motion for Summary Judgment and Dismissal

19  and DISMISSES Plaintiff's Complaint.   Defendants' Motion for Relief from

20  Remaining Deadlines is STRICKEN as MOOT.

21  I.   **Background**

22          Pro se Plaintiff Gyles Long alleges that on May 31, 2007, he was "viciously

    attacked and battered by King County Metro bus driver for no apparent reason as he

01   entered the bus as a paying customer."   Complaint at ¶ 1 (docket no. 1-1).   On July 6,

02   2007, Mr. Long filed a claim for damages in King County.   Ex. 1 to Decl. of Christine

03   Oh in Supp. of Defendants' Mot. for Summ. J. ("Oh Decl.") (docket no. 16).   Christine

04   Oh, who was at the time a senior tort claims investigator in the King County Office of

05   Risk Management, investigated Mr. Long's claim.   Oh Decl. ¶¶ 2-3.   Failing to find

06   any written reports by bus drivers or police officers corroborating Mr. Long's story, and

07   in the absence of any written documentation submitted by Mr. Long to support his

08   claim, Ms. Oh recommended that Mr. Long's claim be denied.   Id. at ¶¶ 5-6.   Karen

09   Graham, transit claims manager of King County's Office of Risk Management,

10   reviewed and approved the claim denial.   Decl. of Karen Graham in Supp. of

11   Defendants' Mot. for Summ. J. ("Graham Decl.") ¶¶ 2-3 (docket no. 15).

12

13          On May 29, 2009, Mr. Long filed a complaint in King County Superior Court.

14   Long v. King County, King County Superior Court, No. 09-2-20962-6 KNT.   Mr.

15   Long's case was dismissed on summary judgment and is currently on appeal.   See State

16   Court of Appeals, Div. I, No. 66741-6-I.

17          On February 9, 2011, Mr. Long brought suit in this Court under the Civil Rights

18   Act, 42 U.S.C. § 1983, and several state law causes of action, alleging generally that

19   Defendants Ms. Graham, Ms. Oh, and King County violated his constitutional rights,

20   and that Ms. Oh and Ms. Graham treated him differently because of his race in the

21   process of handling his claim investigation.   Defendants now move the Court to

22   dismiss Mr. Long's Complaint on summary judgment.   Mr. Long moved for an

01 extension of time to file a response to Defendants' motion until December 19, 2011,

02 which the Court granted, but he did not file a response within the time period granted by

03 the Court.   See docket nos. 17, 18.   He did, however, file a response on January 13,

04 2012, which he has subsequently amended twice.   Plaintiff's Mem. in Opp'n to Def.'s

05 Mot. for Summ. J. (docket no. 22, amended by docket nos. 23 and 25).

06 **II.**   **Standard of Review**

07       The Court shall grant summary judgment if no genuine dispute of material fact

08 exists and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P.

09 56(a).   The moving party bears the initial burden of demonstrating the absence of a

10 genuine issue of material fact.   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   A

11 fact is material if it might affect the outcome of the suit under the governing law.

12 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   In support of its motion for

13 summary judgment, the moving party need not negate the opponent's claim, Celotex,

14 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is

15 not sufficient for a jury to return a verdict in favor of the opponent, Anderson, 477 U.S.

16 at 249.   To survive a motion for summary judgment, the adverse party must present

17 affirmative evidence, which "is to be believed" and from which all "justifiable

18 inferences" are to be favorably drawn.   Id. at 255, 257.   When the record taken as a

19 whole, could not lead a rational trier of fact to find for the non-moving party, summary

20 judgment is warranted.   See, e.g., Beard v. Banks, 548 U.S. 521, 529 (2006).

01   **III.   Discussion**

02   Defendants argue that (1) Mr. Long's § 1983 claims should be dismissed for

03   failure to submit any proof of racial motivation; (2) Mr. Long's § 1983 claim against

04   King County should be dismissed pursuant to <u>Monell v. Dep't of Social Services</u>, 436

05   U.S. 658 (1978); (3) Mr. Long's § 1983 claims against Ms. Oh and Ms. Graham should

06   be dismissed based on qualified immunity; (4) Mr. Long's state law claims fail for lack

07   of claim filing and on their merits; and (5) Mr. Long's claims against Ms. Oh and Ms.

08   Graham should be dismissed for failing to properly serve them.

09

10   **A.   Mr. Long's § 1983 Claim Is Dismissed for Lack of Proof of Racial**

11   **Motivation.**

12   Defendants argue that Mr. Long has failed to submit any proof of racial

13   motivation, and that therefore his claims under 42 U.S.C. § 1983 should be dismissed.

14   "To make out a prima facie case under § 1983, plaintiff[] must show that the

15   defendants (1) acted under color of state law, and (2) deprived the plaintiff[] of rights

16   secured by the constitution."   <u>Borunda v. Richmond</u>, 885 F.2d 1384, 1391 (1989).   Mr.

17   Long alleges that he was treated differently because of his race during the claims

18   handling process.   In general, he alleges that his claim was never properly investigated,

19   and the lack of proper investigation was racially motivated.   <u>See</u>, <u>e.g.</u>, Compl. at

20   ¶¶ 32-36, 38, 45-47.   Mr. Long does not point to specific facts or instances, however,

21   indicative of racial bias.[1]   In connection with Defendants' motion for summary

22

---

[1] The only specific incident Mr. Long describes which he alleges demonstrates racial bias is a

01  judgment, Ms. Oh and Ms. Graham have submitted declarations stating that Mr. Long's

02  claim was investigated fairly and in compliance with King County's claims manual, and

03  that at no time was Mr. Long treated differently because of his race.   See Graham Decl.

04  at ¶ 4; Oh Decl. at ¶¶ 5, 8, 10.

05          Once a moving party has demonstrated an absence of a genuine issue of material

06  fact, the nonmoving party must then demonstrate that summary judgment is not

07  appropriate.   "The party opposing the motion for summary judgment 'may not rest

08  upon the mere allegations or denials of [her] pleading, but…must set forth specific facts

09  showing that there is a genuine issue for trial.'"   Mattos v. Agarano, 590 F.3d 1082,

10  1085 (9th Cir. 2010) (quoting Anderson at 248).   Defendants have demonstrated

11  through the declarations of his claim handlers that Mr. Long was not treated differently

12  because of his race.   In his tardy response, Mr. Long admits that he is "unable to

13  address the questions of equal protection under the law, race discrimination and

14  conspiracy."[2]   Plaintiff's Mem. in Opp'n to Def.'s Mot. for Summ. J. at 12.

15  Accordingly, the Court grants summary judgment on Mr. Long's 1983 claim for lack of

16

17

18

19  _____

20  statement made by Ms. Oh during a phone conversation with Mr. Long where she told him "you
    people must think you're the only case I've got."   Compl. at ¶ 33.   This statement on its face,
    however, is not indicative of racial bias.

21  [2] Mr. Long asserts that he is unable to show racial discrimination because "[s]ince King County
    and ORM has denied Plaintiff access to all relevant records in their custody, he is unable to
    obtain the records needed for any type of comparative analysis…."   Plaintiff's Mem. in Opp'n

22  to Def.'s Mot. for Summ. J. at 12.   However, Mr. Long has failed to indentify a record
    allegedly in Defendants' possession that would demonstrate racial bias in the handling of his
    claim.

ORDER PAGE -5

01  evidence of racial bias.[3]

02  **B.   In the Alternative, Mr. Long's § 1983 Claim against King County Is**

03  **Dismissed under <u>Monell</u>, and his § 1983 Claim against the Individual Defendants**

04  **Is Dismissed Based on Qualified Immunity.**

05          **1.   § 1983 Claim against King County**

06          Defendants argue that Mr. Long's § 1983 claim against King County must be

07  dismissed because he has failed to allege, let alone present any evidence, that some

08  specific official policy, practice, or custom of the County has caused the deprivation of

09  Mr. Long's constitutional right.

10

11          A municipality is liable under § 1983 if the alleged wrongful conduct was

12  pursuant to official policy or custom.   <u>Monell v. Dep't of Soc. Services</u>, 436 U.S. 658,

13  691 (1978).   To prevail on a § 1983 claim against a municipality, the plaintiff must

14  show that (1) there was a deprivation of a constitutional right; (2) that the municipality

15  has a policy; (3) that the policy is deliberately indifferent to a constitutional right; and

16  (4) the policy is the reason for the constitutional violation.   <u>Mabe v. San Bernardino</u>

17  <u>County</u>, 237 F.3d 1101, 1110-11 (9th Cir. 2001).   "[A] municipality cannot be held

18  liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot

19  be held liable under § 1983 on a *respondeat superior* theory."   <u>Monell</u>, 436 U.S. at 691

20

21  ─────────────────

22  [3]  Mr. Long also asserts his due process rights were violated because Ms. Oh did not promptly
respond to his claim, and because "there was never a legitimate investigation undertaken."
<u>See</u> Complaint at ¶¶ 4, 6, 8-11, 13-25.   However, Plaintiff's allegation that his claim was
processed negligently or too slowly constitutes, at most, a negligence claim not cognizable
under § 1983.   <u>See Daniels v. Williams</u>, 474 U.S. 327 (1986).

01 (emphasis in original).   Because Mr. Long has failed to allege or present evidence that

02 some official policy of King County led to the deprivation of his rights, the Court grants

03 summary judgment in favor of Defendants on this issue.[4]

### 2.   § 1983 Claim against the Individual Defendants

05        The individual defendants argue that they are entitled to qualified immunity

06 because Mr. Long has failed to demonstrate that his constitutional rights were violated.

07        "[G]overnment officials performing discretionary functions generally are

08 shielded from liability for civil damages insofar as their conduct does not violate clearly

09 established statutory or constitutional rights of which a reasonable person would have

10

11 known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   When government officials

12 abuse their office, actions for damages may offer the only realistic avenue for

13 vindication of constitutional guarantees.   Permitting damages suits against government

14 officials, however, can entail social costs, including the risk that fear of personal

15 monetary liability and harassing litigation will unduly inhibit officials in the discharge

16 of their duties.   Anderson v. Creighton, 483 U.S. 635 (1987).   The purpose of qualified

17 immunity is to accommodate these conflicting concerns by shielding government

18 officials performing discretionary functions from civil damages "as long as their actions

19 could reasonably have been thought consistent with the rights they are alleged to have

20

21 ───────────────

22 [4]  In his response, Mr. Long for the first time alleges "that King County lacks policy [sic]
requiring competent investigations from its investigation agency Office of Risk Management."
Plaintiff's Mem. in Opp'n to Def.'s Mot. for Summ. J. at 7.   However, Mr. Long does not
provide any evidence of an affirmative policy "deliberately indifferent" to Mr. Long's
constitutional rights.

01  violated."  Id.   The Harlow standard "gives ample room for mistaken judgments,"

02  Malley v. Briggs, 475 U.S. 335, 343 (1986), and "provides ample protection to all but

03  the plainly incompetent or those who knowingly violate the law."  Id. at 341.

04      Analysis of a qualified immunity claim involves three steps: (1) identifying the

05  specific right allegedly violated; (2) determining whether the right was so clearly

06  established as to alert a reasonable officer to its constitutional parameters; and (3)

07  determining whether a reasonable public officer could have believed that the particular

08  conduct at issue was lawful.   Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir. 1997).   The

09  plaintiff must identify the specific right allegedly violated, and bears the burden of

10  showing that the right allegedly violated was clearly established.   If the plaintiff

11  demonstrates that the right allegedly violated was clearly established, the court must

12  then consider whether a reasonable official could have believed the conduct at issue was

13  lawful under that clearly established law.   The defendant bears the burden of showing

14  that a reasonable official could have believed that the conduct was lawful.   Id. at

15  800-02.

16      The threshold question in the qualified immunity analysis is whether the facts

17  "[t]aken in the light most favorable to the party asserting the injury…show that the

18  [defendants'] conduct violated a constitutional right."   Saucier v. Katz, 533 U.S. 194,

19  201 (2001).   Defendants have submitted declarations demonstrating that Ms. Graham

20  and Ms. Oh did not violate Mr. Long's constitutional rights.   See Graham Decl. at ¶ 4;

21  Oh Decl. at ¶¶ 5, 8, 10.   Mr. Long has presented no evidence demonstrating that they

01  violated his constitutional rights.   Accordingly, in the alternative to dismissing Mr.

02  Long's § 1983 claim against the individual defendants on the basis that he lacks proof of

03  racially-motivated discrimination, the Court dismisses his claim against the individual

04  defendants on the basis of qualified immunity.

05  **C.      Mr. Long's State Tort Claims Are Dismissed For Lack of Evidence**

06  **and For Failure to Comply With RCW 4.92.100 and RCW 4.92.110.**

07          Mr. Long asserts several state law tort claims related to his claims handling,

08  including Breach of Duty to Act Based on Special Relationship (Third Cause of Action),

09  Civil Conspiracy (Fifth Cause of Action), Willful and Wonton Misconduct (Sixth Cause

10  of Action), and Racial Discrimination (Seventh Cause of Action).   Defendants argue

11  that to the extent the Court does not deny these claims for lack of evidence, it should

12  deny them for failure to comply with RCW 4.92.100 and RCW 4.92.110, which require

13  presentment of claims arising from tortious conduct.

14          For the same reason his § 1983 claims fail for lack of evidence, his tort claims, all

15  of which are premised on discriminatory claims handling, are also dismissed for lack of

16  evidence.   In the alternative, these claims are dismissed because Mr. Long failed to first

17  file his claims with King County prior to commencing suit.[5]   See RCW 4.92.100 and

18

19

20  _____

21  [5]  In his response, Mr. Long argues that Felder v. Casey, 487 U.S. 131 (1988), stands for the
    proposition that the RCW 4.92.100 and RCW 4.92.110 are preempted in this case.   Mr. Long is
    mistaken.   Felder stands for the proposition that notice of claim provisions in state statutes are
    inapplicable to civil rights actions brought under 42 U.S.C. § 1983.   See also Joshua v. Newell,
22  871 F.2d 884, 886 (9th Cir. 1989) (holding under Felder that the Washington notice of claims
    statute does not apply to § 1983 claims brought in federal court).   Here, in contrast, Defendants
    argue that RCW 4.92.100 and RCW 4.92.110 bar only Mr. Long's state-law tort claims, not his

01  RCW 4.92.110 (requiring tort claims against state officers to first be presented to the

02  risk management division); Decl. of Linda M. Gallagher in Supp. of Defendants' Mot.

03  for Summ. J. ¶ 6 (docket no. 14) (indicating that a review of the King County Risk

04  Management Database contained no record of Mr. Long having filed a tort claim).[6]

05  **VI.   Conclusion**

06          The Court hereby GRANTS Defendants' Motion for Summary Judgment and

07  Dismissal, docket no. 13, and DISMISSES Mr. Long's Complaint.   The Court

08  STRIKES AS MOOT Defendants' Motion for Relief from Remaining Deadlines in

09  Minute Orders and Continuance of Trial Date Pending Decision on Summary Judgment

10  Motion, docket no. 24.

11

12

---

claims under section § 1983.

[6] Defendants also argue for the dismissal of Mr. Long's Complaint against Ms. Oh and Ms. Graham on the basis that neither was personally served as required by Fed. R. Civ. P. 4.   See Oh Decl. ¶ 9; Graham Decl. ¶ 5.
          In order to properly serve an individual under Rule 4, Mr. Long could have either delivered a copy of the summons and the complaint to Ms. Oh and Ms. Graham personally, or he could deliver a copy to an agent authorized by appointment or by law to receive service of process.   See Fed. R. Civ. P. 4(e)(2).   It appears Mr. Long attempted to serve Ms. Oh and Ms. Graham by serving the Clerk of the Council for King County.   See Decl. of Service of Federal Summons and Compl. (docket no. 12).   Both Ms. Oh and Ms. Graham have asserted that they did not receive personal delivery, but they have not alleged that the Clerk of the Council for King County was not authorized to accept service on their behalf, nor have they shown that they have been prejudiced by the defect.   See Campagnolo S.R.L. v. Full Speed Ahead, Inc., No. 08-1372, 2009 WL 1788381 (W.D. Wash., June 22, 2009) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.") (citing United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).   Accordingly, and because substantive grounds exist for dismissing Mr. Long's Complaint, the Court denies Defendants' motion to dismiss his Complaint against the individual defendants on the basis that neither were personally served as required by Fed. R. Civ. P. 4.

ORDER PAGE -10

01      DATED this 6th day of February, 2012.

02

03

04                                          Thomas S. Zilly
                                            United States District Judge
05

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER PAGE -11