UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| GYLES R. LONG, | ) | CASE NO. C11-0230-TSZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KING COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Motion for Summary Judgment and Dismissal, docket no. 13, and Defendants' Motion for Relief from Remaining Deadlines in Minute Orders and Continuance of Trial Date Pending Decision on Summary Judgment Motion, docket no. 24. For the reasons discussed below, the Court GRANTS Defendants' Motion for Summary Judgment and Dismissal and DISMISSES Plaintiff's Complaint. Defendants' Motion for Relief from Remaining Deadlines is STRICKEN as MOOT.

**I.   Background**

Pro se Plaintiff Gyles Long alleges that on May 31, 2007, he was "viciously attacked and battered by King County Metro bus driver for no apparent reason as he

ORDER PAGE -1

entered the bus as a paying customer." Complaint at ¶ 1 (docket no. 1-1). On July 6, 2007, Mr. Long filed a claim for damages in King County. Ex. 1 to Decl. of Christine Oh in Supp. of Defendants' Mot. for Summ. J. ("Oh Decl.") (docket no. 16). Christine Oh, who was at the time a senior tort claims investigator in the King County Office of Risk Management, investigated Mr. Long's claim. Oh Decl. ¶¶ 2-3. Failing to find any written reports by bus drivers or police officers corroborating Mr. Long's story, and in the absence of any written documentation submitted by Mr. Long to support his claim, Ms. Oh recommended that Mr. Long's claim be denied. Id. at ¶¶ 5-6. Karen Graham, transit claims manager of King County's Office of Risk Management, reviewed and approved the claim denial. Decl. of Karen Graham in Supp. of Defendants' Mot. for Summ. J. ("Graham Decl.") ¶¶ 2-3 (docket no. 15).

On May 29, 2009, Mr. Long filed a complaint in King County Superior Court. <u>Long v. King County</u>, King County Superior Court, No. 09-2-20962-6 KNT. Mr. Long's case was dismissed on summary judgment and is currently on appeal. See State Court of Appeals, Div. I, No. 66741-6-I.

On February 9, 2011, Mr. Long brought suit in this Court under the Civil Rights Act, 42 U.S.C. § 1983, and several state law causes of action, alleging generally that Defendants Ms. Graham, Ms. Oh, and King County violated his constitutional rights, and that Ms. Oh and Ms. Graham treated him differently because of his race in the process of handling his claim investigation. Defendants now move the Court to dismiss Mr. Long's Complaint on summary judgment. Mr. Long moved for an

extension of time to file a response to Defendants' motion until December 19, 2011, which the Court granted, but he did not file a response within the time period granted by the Court. See docket nos. 17, 18. He did, however, file a response on January 13, 2012, which he has subsequently amended twice. Plaintiff's Mem. in Opp'n to Def.'s Mot. for Summ. J. (docket no. 22, amended by docket nos. 23 and 25).

## II. **Standard of Review**

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In support of its motion for summary judgment, the moving party need not negate the opponent's claim, Celotex, 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, Anderson, 477 U.S. at 249. To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. Id. at 255, 257. When the record taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. See, e.g., Beard v. Banks, 548 U.S. 521, 529 (2006).

## III. Discussion

Defendants argue that (1) Mr. Long's § 1983 claims should be dismissed for failure to submit any proof of racial motivation; (2) Mr. Long's § 1983 claim against King County should be dismissed pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978); (3) Mr. Long's § 1983 claims against Ms. Oh and Ms. Graham should be dismissed based on qualified immunity; (4) Mr. Long's state law claims fail for lack of claim filing and on their merits; and (5) Mr. Long's claims against Ms. Oh and Ms. Graham should be dismissed for failing to properly serve them.

### A. Mr. Long's § 1983 Claim Is Dismissed for Lack of Proof of Racial Motivation.

Defendants argue that Mr. Long has failed to submit any proof of racial motivation, and that therefore his claims under 42 U.S.C. § 1983 should be dismissed.

"To make out a prima facie case under § 1983, plaintiff[] must show that the defendants (1) acted under color of state law, and (2) deprived the plaintiff[] of rights secured by the constitution." Borunda v. Richmond, 885 F.2d 1384, 1391 (1989). Mr. Long alleges that he was treated differently because of his race during the claims handling process. In general, he alleges that his claim was never properly investigated, and the lack of proper investigation was racially motivated. See, e.g., Compl. at ¶¶ 32-36, 38, 45-47. Mr. Long does not point to specific facts or instances, however, indicative of racial bias.[1] In connection with Defendants' motion for summary

---

[1] The only specific incident Mr. Long describes which he alleges demonstrates racial bias is a

ORDER PAGE -4

judgment, Ms. Oh and Ms. Graham have submitted declarations stating that Mr. Long's claim was investigated fairly and in compliance with King County's claims manual, and that at no time was Mr. Long treated differently because of his race. See Graham Decl. at ¶ 4; Oh Decl. at ¶¶ 5, 8, 10.

Once a moving party has demonstrated an absence of a genuine issue of material fact, the nonmoving party must then demonstrate that summary judgment is not appropriate. "The party opposing the motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleading, but…must set forth specific facts showing that there is a genuine issue for trial.'" Mattos v. Agarano, 590 F.3d 1082, 1085 (9th Cir. 2010) (quoting Anderson at 248). Defendants have demonstrated through the declarations of his claim handlers that Mr. Long was not treated differently because of his race. In his tardy response, Mr. Long admits that he is "unable to address the questions of equal protection under the law, race discrimination and conspiracy."[2] Plaintiff's Mem. in Opp'n to Def.'s Mot. for Summ. J. at 12. Accordingly, the Court grants summary judgment on Mr. Long's 1983 claim for lack of

---

statement made by Ms. Oh during a phone conversation with Mr. Long where she told him "you people must think you're the only case I've got." Compl. at ¶ 33. This statement on its face, however, is not indicative of racial bias.

[2] Mr. Long asserts that he is unable to show racial discrimination because "[s]ince King County and ORM has denied Plaintiff access to all relevant records in their custody, he is unable to obtain the records needed for any type of comparative analysis…." Plaintiff's Mem. in Opp'n to Def.'s Mot. for Summ. J. at 12. However, Mr. Long has failed to indentify a record allegedly in Defendants' possession that would demonstrate racial bias in the handling of his claim.

ORDER PAGE -5

evidence of racial bias.[3]

**B.  In the Alternative, Mr. Long's § 1983 Claim against King County Is Dismissed under <u>Monell</u>, and his § 1983 Claim against the Individual Defendants Is Dismissed Based on Qualified Immunity.**

### 1. § 1983 Claim against King County

Defendants argue that Mr. Long's § 1983 claim against King County must be dismissed because he has failed to allege, let alone present any evidence, that some specific official policy, practice, or custom of the County has caused the deprivation of Mr. Long's constitutional right.

A municipality is liable under § 1983 if the alleged wrongful conduct was pursuant to official policy or custom. <u>Monell v. Dep't of Soc. Services</u>, 436 U.S. 658, 691 (1978). To prevail on a § 1983 claim against a municipality, the plaintiff must show that (1) there was a deprivation of a constitutional right; (2) that the municipality has a policy; (3) that the policy is deliberately indifferent to a constitutional right; and (4) the policy is the reason for the constitutional violation. <u>Mabe v. San Bernardino County</u>, 237 F.3d 1101, 1110-11 (9th Cir. 2001). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." <u>Monell</u>, 436 U.S. at 691

---

[3] Mr. Long also asserts his due process rights were violated because Ms. Oh did not promptly respond to his claim, and because "there was never a legitimate investigation undertaken." <u>See</u> Complaint at ¶¶ 4, 6, 8-11, 13-25. However, Plaintiff's allegation that his claim was processed negligently or too slowly constitutes, at most, a negligence claim not cognizable under § 1983. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

(emphasis in original). Because Mr. Long has failed to allege or present evidence that some official policy of King County led to the deprivation of his rights, the Court grants summary judgment in favor of Defendants on this issue.[4]

### 2. § 1983 Claim against the Individual Defendants

The individual defendants argue that they are entitled to qualified immunity because Mr. Long has failed to demonstrate that his constitutional rights were violated. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When government officials abuse their office, actions for damages may offer the only realistic avenue for vindication of constitutional guarantees. Permitting damages suits against government officials, however, can entail social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties. Anderson v. Creighton, 483 U.S. 635 (1987). The purpose of qualified immunity is to accommodate these conflicting concerns by shielding government officials performing discretionary functions from civil damages "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have

---

[4] In his response, Mr. Long for the first time alleges "that King County lacks policy [sic] requiring competent investigations from its investigation agency Office of Risk Management." Plaintiff's Mem. in Opp'n to Def.'s Mot. for Summ. J. at 7. However, Mr. Long does not provide any evidence of an affirmative policy "deliberately indifferent" to Mr. Long's constitutional rights.

ORDER PAGE -7

violated." Id. The Harlow standard "gives ample room for mistaken judgments," Malley v. Briggs, 475 U.S. 335, 343 (1986), and "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Id. at 341.

Analysis of a qualified immunity claim involves three steps: (1) identifying the specific right allegedly violated; (2) determining whether the right was so clearly established as to alert a reasonable officer to its constitutional parameters; and (3) determining whether a reasonable public officer could have believed that the particular conduct at issue was lawful. Gabbert v. Conn, 131 F.3d 793, 799 (9th Cir. 1997). The plaintiff must identify the specific right allegedly violated, and bears the burden of showing that the right allegedly violated was clearly established. If the plaintiff demonstrates that the right allegedly violated was clearly established, the court must then consider whether a reasonable official could have believed the conduct at issue was lawful under that clearly established law. The defendant bears the burden of showing that a reasonable official could have believed that the conduct was lawful. Id. at 800-02.

The threshold question in the qualified immunity analysis is whether the facts "[t]aken in the light most favorable to the party asserting the injury…show that the [defendants'] conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). Defendants have submitted declarations demonstrating that Ms. Graham and Ms. Oh did not violate Mr. Long's constitutional rights. See Graham Decl. at ¶ 4; Oh Decl. at ¶¶ 5, 8, 10. Mr. Long has presented no evidence demonstrating that they

violated his constitutional rights. Accordingly, in the alternative to dismissing Mr. Long's § 1983 claim against the individual defendants on the basis that he lacks proof of racially-motivated discrimination, the Court dismisses his claim against the individual defendants on the basis of qualified immunity.

**C.     Mr. Long's State Tort Claims Are Dismissed For Lack of Evidence and For Failure to Comply With RCW 4.92.100 and RCW 4.92.110.**

Mr. Long asserts several state law tort claims related to his claims handling, including Breach of Duty to Act Based on Special Relationship (Third Cause of Action), Civil Conspiracy (Fifth Cause of Action), Willful and Wonton Misconduct (Sixth Cause of Action), and Racial Discrimination (Seventh Cause of Action). Defendants argue that to the extent the Court does not deny these claims for lack of evidence, it should deny them for failure to comply with RCW 4.92.100 and RCW 4.92.110, which require presentment of claims arising from tortious conduct.

For the same reason his § 1983 claims fail for lack of evidence, his tort claims, all of which are premised on discriminatory claims handling, are also dismissed for lack of evidence. In the alternative, these claims are dismissed because Mr. Long failed to first file his claims with King County prior to commencing suit.[5]  See RCW 4.92.100 and

---

[5] In his response, Mr. Long argues that <u>Felder v. Casey</u>, 487 U.S. 131 (1988), stands for the proposition that the RCW 4.92.100 and RCW 4.92.110 are preempted in this case. Mr. Long is mistaken. <u>Felder</u> stands for the proposition that notice of claim provisions in state statutes are inapplicable to civil rights actions brought under 42 U.S.C. § 1983. <u>See</u> also <u>Joshua v. Newell</u>, 871 F.2d 884, 886 (9th Cir. 1989) (holding under <u>Felder</u> that the Washington notice of claims statute does not apply to § 1983 claims brought in federal court). Here, in contrast, Defendants argue that RCW 4.92.100 and RCW 4.92.110 bar only Mr. Long's state-law tort claims, not his

ORDER PAGE -9

RCW 4.92.110 (requiring tort claims against state officers to first be presented to the risk management division); Decl. of Linda M. Gallagher in Supp. of Defendants' Mot. for Summ. J. ¶ 6 (docket no. 14) (indicating that a review of the King County Risk Management Database contained no record of Mr. Long having filed a tort claim).[6]

**VI.    Conclusion**

The Court hereby GRANTS Defendants' Motion for Summary Judgment and Dismissal, docket no. 13, and DISMISSES Mr. Long's Complaint.    The Court STRIKES AS MOOT Defendants' Motion for Relief from Remaining Deadlines in Minute Orders and Continuance of Trial Date Pending Decision on Summary Judgment Motion, docket no. 24.

---

claims under section § 1983.

[6] Defendants also argue for the dismissal of Mr. Long's Complaint against Ms. Oh and Ms. Graham on the basis that neither was personally served as required by Fed. R. Civ. P. 4.  See Oh Decl. ¶ 9; Graham Decl. ¶ 5.

In order to properly serve an individual under Rule 4, Mr. Long could have either delivered a copy of the summons and the complaint to Ms. Oh and Ms. Graham personally, or he could deliver a copy to an agent authorized by appointment or by law to receive service of process.  See Fed. R. Civ. P. 4(e)(2).   It appears Mr. Long attempted to serve Ms. Oh and Ms. Graham by serving the Clerk of the Council for King County.  See Decl. of Service of Federal Summons and Compl. (docket no. 12).   Both Ms. Oh and Ms. Graham have asserted that they did not receive personal delivery, but they have not alleged that the Clerk of the Council for King County was not authorized to accept service on their behalf, nor have they shown that they have been prejudiced by the defect.  See Campagnolo S.R.L. v. Full Speed Ahead, Inc., No. 08-1372, 2009 WL 1788381 (W.D. Wash., June 22, 2009) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.") (citing United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).  Accordingly, and because substantive grounds exist for dismissing Mr. Long's Complaint, the Court denies Defendants' motion to dismiss his Complaint against the individual defendants on the basis that neither were personally served as required by Fed. R. Civ. P. 4.

DATED this 6th day of February, 2012.

_____
Thomas S. Zilly
United States District Judge